IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MALIK NASIR, | ) |
|  | ) |
|     Plaintiff, | ) |
|  | ) |
| v. | )   Civ. No. 23-1398-CFC |
|  | ) |
| JOHN W. DONAHUE, *et al.*, | ) |
|  | ) |
|     Defendants. | ) |

Malik Nasir, Dover, Delaware – *Pro se* Plaintiff

Rebecca Bolinger and Nicholas D. Picollelli, Jr., DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware – Counsel for Defendants John W. Donahue and Trooper Lance Skinner

**MEMORANDUM OPINION**

May 19, 2025
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

On December 7, 2023, Plaintiff Malik Nasir initiated this civil action *pro se* with the filing of the Complaint. (D.I. 2.) Now pending before the Court is a motion to dismiss the Complaint filed on behalf of Defendants John W. Donahue and Trooper Lance Skinner. (D.I. 12.) The Court will grant the motion for the reasons explained below.

## I.  BACKGROUND

According to the Complaint, Defendants illegally seized Plaintiff's personal property in Delaware in late 2015. At around the time Plaintiff was taken into custody on criminal charges, Defendants seized from Plaintiff a bank account holding $20,762.43, as well as $5,363 in cash, a 2009 Dodge Charger, three necklaces, a watch, a bracelet, and a pair of earrings. Following arrest and indictment, Plaintiff was convicted and sentenced. In 2022, Plaintiff was released to a halfway house, and then he sought return of his property from the Superior Court of Delaware in Kent County. Some, but not all, of Plaintiff's property was returned to him by way of the State legal action. Plaintiff now seeks $100,000 and return of his remaining property by way of this action. (*See* D.I. 2.)

## II.  LEGAL STANDARDS

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the

light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial

plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DISCUSSION

The Court finds that it lacks subject matter jurisdiction because Plaintiff's claims merely attempt to re-litigate matters already decided in State Court. (*See* D.I. 12 at 2-3.) As Defendants assert in briefing, the *Rooker-Feldman* doctrine bars this Court from reviewing final judgments of State Courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine applies to "[1] cases brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Here, Plaintiff seeks to recover property, as well as monetary damages for seizure of said property, that a Delaware State Commissioner's Order determined to be properly forfeited one day before Plaintiff initiated this action. *See Nasir v. State*, No. K16M-03-005 JJC, 2024 WL 2153434, at *9 (Del. Super. Ct. May 14,

2024), *aff'd*, No. 207, 2024, 2025 WL 549160 (Del. Feb. 18, 2025). The *Rooker-Feldman* doctrine bars this Court from reviewing or rejecting the Commissioner's Order, which was affirmed by the Superior Court of Delaware.

For the same reasons, Plaintiff's claims are barred by *res judicata*. That doctrine applies where the party invoking it establishes: "(1) a final judgment on the merits in a prior suit involving, (2) the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *Duhaney v. Attorney Gen.*, 621 F.3d 340, 347 (3d Cir. 2010) (internal quotation marks omitted). *Res judicata* applies both to claims that were brought, and to claims that could have been brought, in the prior action. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). "[R]es judicata will 'not be defeated by minor differences of form, parties or allegations' where the 'controlling issues have been resolved in a prior proceeding in which the present parties had an opportunity to appear and assert their rights.'" *Jett v. Beech Interplex, Inc.*, 2004 WL 1595734, at *2 (E.D. Pa. July 15, 2004) (citations omitted).

## IV. CONCLUSION

For the reasons discussed above, the Court will grant Defendants' Motion to Dismiss (D.I. 12) and dismiss the Complaint (D.I. 2). Amendment is futile.

An appropriate Order will be entered.

4